Appeal No. 22-3009, St. Vincent Medical or Ascension Health v. U.S. Department of Justice Mr. McNeil, good morning. Good morning, Your Honors. May it please the Court. This is an appeal arising out of a TUI case, and if the Department of Justice can refuse to participate in the state court discovery proceedings in this case, then the Department of Justice will be able to refuse to participate in state court discovery in any case. The TUI request- Mr. McNeil, what is the best case scenario, the testimony that you're going to get from the Assistant U.S. Attorney and from the DEA agent? What are they going to say? They're going to say that when they approached Dr. Storey with the investigative subpoena after he referred them to their counsel, to his counsel, the DOJ, Mr. Blackington told them, told Dr. Storey's counsel, that he was not currently a target of the investigation- Wait, wait, wait. But could potentially- Hold on for a second. I'm confused. You said when he approached Dr. Storey, he told Dr. Storey's counsel. So the Assistant U.S. Attorney never spoke with Dr. Storey, right? Not until right before the grand jury testimony, six months after the termination of Dr. Storey's employment. But he never, so there's, best case scenario, there's no evidence, none, zero, that the Assistant U.S. Attorney ever told Dr. Storey he was a subject or target of the investigation, right? That is true. But you have this letter from the Assistant U.S. Attorney that says, you are a subject of the investigation. I don't even understand why we're here. Sure. I understand what you want, okay? But a lot of parties want this, and the Department of Justice says, no, you can't have it, for a lot of valid, good reasons, including Rule 6e, including the effect on the law enforcement investigation. But it sounds like you already have it. Well here's the issue though, this case is set to go to a jury trial in December of this year. And you're going to cross-examine Dr. Storey with this letter, and I don't know how he is possibly going to get out from under it. But the best case scenario is you can maybe cross-examine him with the Assistant U.S. Attorney told your lawyer, objection, hearsay, sustained. Not exactly. Okay. Tell me where I'm wrong. What will happen is, Dr. Storey will say, I was not aware. I never spoke to Mr. Blackington. So how can he say what I am aware of? What Mr. Blackington will say is, I spoke with Dr. Storey's counsel, and this is what I told him. But isn't Dr. Storey's counsel going to testify to that? Potentially, if the court lets it, lets her testify. Well you have the deposition testimony from her, where she says that. She says that. She says that she was told that her client was a potential subject, and she conveyed that to Dr. Storey. She testified that he could potentially become a target of the investigation. Why isn't that sufficient? Because counsel, on the other side of the case, has objections too, and they say that's hearsay for Ascension personnel. Why do you need that for the truth of the matter? Why isn't the relevance here just what he was told? That he was informed that he was a potential target? This goes to the provision in his employment agreement. I understand why you want this, but I don't understand why his state of mind or what he was told wouldn't be relevant, which gets you around hearsay. Well, it does to a degree, but we want to use the evidence for as many evidentiary purposes as we can, including the truth of the matter asserted, without some limiting instruction attached to it to the jury that says you can only- But that's not the standard that we look at here. If we're looking at whether or not there's a need for this, whether it's necessary, you have, to pick up on what Judge Kirsch said, you have the proffer letter where he's told you're a subject, and he signs it. So that sounds like an admission to me. Well- You have testimony from his lawyer that she was informed that he was a potential target, and she conveyed that to him. And you have testimony from your own client's lawyers that they were told that he was a potential target or a subject of the investigation. So when you look at what you need, I share what Judge Kirsch has said. I don't know why you need this. The provision in Dr. Story's employment agreement comes down to where it imposes upon him an obligation to disclose to his employer information with legal ramifications comes down to his reasonable belief of whether there were legal implications with respect to the matter that arose. Here, the department, Dr. Story has testified that the only thing he understood this investigation was about was one of his patients and patients associated with that patient. That it was never about his prescribing practices, his record keeping, or his- And you have the proffer letter to impeach him. The proffer letter seems absolutely devastating. I mean, right above his signature, he says, I understand the terms and conditions set out above, and I agree to proffer under those terms and conditions. So one of those terms and conditions is the first sentence of the proffer letter. I mean, if we're thinking about it, I know you're in an Indiana court for your trial, but under the federal rules of evidence, it wouldn't even be hearsay. It seems to me it's an admission of a party opponent. Well, I don't disagree with you there, Your Honor, except he will testify that he had, even though he signed that letter, he had no knowledge that that was in fact the case. And that letter comes- Okay, but you're going to say you signed a letter, okay? And now your testimony is the letter doesn't mean what it says? Well, I will say this too, Your Honor. That letter did not surface in the litigation until March of 2022 after we had already- Are you precluded from using it in the state court litigation? We're not precluded from using it, no. The other side has moved to exclude it. There's an eliminate ruling that says- We're not going to issue evidentiary rulings for the upcoming trial, but I'll just make the observation that that letter seems awfully strong for you. And I don't disagree with you, Your Honor. One other issue with respect to that letter is it's dated February 21st of 2021, which is six months after the termination of Dr. Story's employment. This all arose in the summer and early fall of 2020. Ascension's first involvement was when it was contacted by the Department of Justice to say, who is Dr. Story? We just received records with your name on it, with your name all over them from him in response to a DEA investigative subpoena. That's what caused Ascension to begin its own internal investigation. And it was through- During that investigation, there were more than one conversation with Mr. Blackington and Mr. Ratcliffe about what they were looking at. And the testimony from Ascension personnel is they were told by Mr. Blackington and Mr. Ratcliffe that they were looking into Dr. Story's prescribing practices. Dr. Story denies that, and Dr. Story's counsel- Hence, that's why the proffer letter says what it says. You are a subject of a Title 21 investigation. Sure. We also have the issue there of what is a subject versus what is a target. So the DOJ manual defines a subject to be someone of interest to the investigation, whereas the target is the person who is under investigation. I assume his lawyer will testify she explained that to him. Well, that gets into sort of this attorney-client privilege issue of- That he's put at issue here. I don't disagree with you, Your Honor. That's subject to state court evidentiary rulings as well. I thought the state court already addressed that. Which is why you were allowed to depose her in the first place. I thought the state court had already addressed that he had waived the attorney-client privilege given his defense here. There's two different lawyers that we're talking about. One was Kathleen Matsoukas, who was his criminal counsel in the summer of 2020. The other is Kathleen Delaney, who's his trial counsel currently in the state court case. The deposition occurred with respect to his criminal counsel, Ms. Matsoukas. There was a hearing at some point in the case where there was testimony given that the judge determined to open the door to other privileged communications. We were not able to depose trial counsel for obvious reasons. In the deposition of Ms. Matsoukas, she relayed what she was told by the Department of Justice, by Assistant U.S. Attorney Blackington. We have their email correspondence. But the issue comes back to Ascension's ability to present the evidence it needs to present at the trial. And the Department of Justice has said you can't depose our personnel because of these grand jury secrecy concerns and this law enforcement investigative privilege. We think those are misplaced in this context because of the narrow scope of the information we want to get from them. They are percipient witnesses. This is not a situation where we are asking anyone what occurred before the grand jury. We are not asking them for the results of their investigative memoranda concerning their investigation. All we want is to ask them, did you tell Dr. Story this? Did you tell Dr. Story's counsel the following? Did you say to Ascension personnel that you wanted to interview Dr. Story's co-workers about Dr. Story's prescribing practices? Those are not subjects that in any way reflect what occurred before the grand jury. That's the U.S. v. Stanford case that this court has decided where it talks about the value of the evidence for the value of the evidence itself intrinsically. It's not something that reveals what occurred before the grand jury. It's the substance of the testimony itself. That is the evidence. They were parties to a conversation that for the identity of their employer would have been deposed already. The grand jury rule should not interfere with the ability to depose them on these topics. Well, they obviously have a different view of that. The question is whether the view that they've taken is arbitrary and capricious. Correct. I think the view they've taken is just wrong as a matter of law because two irregulations require them to consider two things. One is the procedural context and rules from which the case arises. The other is the substantive law of privilege. The department has taken a position substantively that this testimony that Ascension wants is protected from disclosure by the grand jury secrecy rule and the law enforcement investigatory privilege. Those are substantive legal determinations that are wrong as a matter of law. They are per se unreasonable, and therefore they're arbitrary and capricious. We talk in the brief about the standard of review and the appropriateness of the discovery rules. I think 16 CFR 26A, that standard word, incorporates the underlying discovery rules, is what brings the portionality considerations into the question that brings the scope of discovery concerns into the question. Has any circuit court ever found that you look at the Rule 45 of the Civil Rules of Procedures standard or Rule 26, any of the civil rules, when making a determination about whether the department's reasoning was arbitrary and capricious when the underlying litigation started in state court as opposed to federal? Not that I'm aware of, Your Honor. Candidly, not that I'm aware of. One final thing before I reserve my time is a question of remedy. Normally in an APA case, it's a remand to the agency for further consideration. For the reasons I alluded to, Judge Scooter, that would be inappropriate in this case. The trial's in December of this year. They've already made their determination legally, so really we're into were they correct legally or not, and because they are incorrect on the substantive law of privilege, there is no basis to remand it to the agency for further consideration. Their personnel should be remanded to the district court to order their personnel. Yeah, that's what you want us to hold. Yes. Right, I understand. Thank you. Okay, very well. Mr. Schultz. Thank you, Your Honor. May it please the court, Benjamin Schultz on behalf of the Department of Justice. The plaintiff in this case is asking for something that is really unprecedented, and that's a court order in connection, a federal court order in connection with a state court case asking the Department of Justice to give testimony over its objection about a federal criminal investigation. Government in this case considered Ascension's request. It concluded that the law enforcement investigatory privilege, grand jury secrecy rules, and the policies underlying those rules, in addition to the formal rules and privileges themselves, as well as the fact that the information that Ascension was seeking was either not really relevant to the reason identified in the TUI request or otherwise cumulative with evidence that Ascension already had. All of those factors show why it was not, in the Department of Justice's reasonable judgment, appropriate for the government to make its prosecutor and DEA agent available. I'd be happy to address any questions the court has about any of the specifics, but I think the court's colloquy has just revealed and underscored why it was at the very least reasonable for the Department of Justice to conclude that this evidence wasn't really going to do anything for Ascension beyond what it already had, certainly with regard to the very specific reason that Ascension identified in its TUI request, and that in any event, grand jury secrecy, or the law enforcement investigatory privilege, or the policies underlying all of that were all reasons why the government was going to resist that request. Again, if there are specific questions, I'm happy to address them. Okay, hearing none, Mr. Schultz, thank you very much. Mr. McGill? One comment. Yeah, go right ahead. Thank you. Council just said it to you, and the Department of Justice said this in their initial response to our TUI request, and they said it in their brief. They have a different conception of the relevance scope from Ascension does. The Department has framed it as the only relevance that we're seeking is what Dr. Storey knew about his role in the investigation, and that's just not accurate. What the relevance statement was, here are the conversations that occurred. Here are the constituents with whom those conversations took place. We want to depose your personnel about those conversations. So I think that's clear, but because Council said it again, I just want to make sure that we had the chance to say the relevance scope is the conversations with Dr. Storey, his counsel, and Ascension personnel about what they talked about. That's all. Thank you. Okay, you're quite welcome. We'll take the case under advisement with thanks to both counsel.